IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATRICK NOVAK; DANIEL ROCHA;   )    CIVIL 12-00638 LEK-RLP
LARRY KENNER, dba KENNER,      )
INC., a Hawai`i corporation;   )
KEN SCHOOLLAND; BJORN          )
ARNTZEN; PHILIP R. WILKERSON;  )
and WILLIAM AKINA, Ph.D.,      )
Individually and as           )
representatives of a class of )
similarly situated persons,    )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
UNITED STATES OF AMERICA, and )
DOES 1-100 inclusive,          )
                               )
          Defendants.          )
_____ )


**ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

          Before the Court is the United States of America's

("the Government") Motion to Dismiss Complaint with Prejudice

("Motion"), filed on January 28, 2013.  Plaintiffs Patrick Novak,

Daniel Rocha, Larry Kenner, Ken Schoolland, Bjorn Arntzen,

Philip R. Wilkerson, and William Akina, Ph.D, (collectively,

"Plaintiffs") filed their memorandum in opposition on April 1,

2013, and the Government filed its reply on April 8, 2013.  The

Court finds this matter suitable for disposition without a

hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawai`i

("Local Rules").  After careful consideration of the Motion,

supporting and opposing memoranda, and the relevant legal
authority, the Government's Motion is HEREBY GRANTED for lack of
standing and for the reasons set forth below.

<u>**BACKGROUND**</u>

On November 29, 2012, Plaintiffs filed a Complaint
against the Government seeking, among other things, "a
declaration that the Jones Act is invalid as it applies to
interstate commerce involving the State of Hawaii's commercial
activities with the other United States of America, Nations, and
Indian Tribes of the United States of America, and to recover
costs of suit and reasonable attorneys' fees." [Dkt. no. 1
(Complaint) at ¶ 4.]

The Complaint appears to seek declaratory and
injunctive relief, as well as monetary damages, in connection
with the Government's enforcement of the cabotage provisions of
the Merchant Marine Act of 1920, which is commonly known as the
Jones Act. <u>See</u> 46 U.S.C. § 55102 (formerly codified at 46 U.S.C.
App. § 883). The thrust of the Complaint is that the enforcement
of the Jones Act, as applied in the State of Hawai`i, is an
unlawful restraint of interstate trade in violation of the
Commerce Clause of the United States Constitution, Article I, §
8, cl. 3, and 42 U.S.C. § 1983. [Compl. at ¶¶ 3-4.]

2

The cabotage[1] provision of the Jones Act governs
domestic transportation of merchandise over water.  See 46 U.S.C.
§ 55102.  Under that provision, all goods shipped between ports
in the United States must be shipped on vessels built in the
United States that are wholly owned and crewed by United States
citizens.  See id. § 55102(b).  Any merchandise that is
transported in violation of the Jones Act is subject to seizure
and forfeiture to the Government, or an amount equal to the value
of the merchandise or cost of transportation is recoverable from
the person transporting the merchandise.  Id. § 55102(c).  The
purpose of this provision of the Jones Act is to protect the
United States Merchant Marine, seamen, and shipping industry.
See Am. Haw. Cruises v. Skinner, 713 F. Supp. 452, 457 (D. D.C.
1989); Wirth Ltd. v. S/S Acadia Forest. 537 F.2d 1272 (5th Cir.
1976); Marine Carriers Corp. v. Fowler, 429 F.2d 702 (2nd Cir.
1970).

## I.   The Motion

In the instant Motion, the Government argues that this
Court must dismiss the Complaint with prejudice pursuant to Fed.
R. Civ. P. 12(b)(1) because (1) Plaintiffs have failed to
establish their Article III and/or prudential standing, and (2)

---

[1] "Cabotage" is defined as the "carrying on of trade along a
country's coast; the transport of goods or passengers from one
port or place to another in the same country."  Black's Law
Dictionary 230 (9th ed. 2009).

under the Tucker Act, this Court lacks jurisdiction over Plaintiffs' claims for monetary damages.  Alternatively, the Government argues, the Court should dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

First, the Government argues that Plaintiffs lack Article III standing because they have failed to demonstrate that they have suffered any concrete or particularized injury that is actual or imminent, rather than merely conjectural or hypothetical.  [Mem. in Supp. of Motion at 9.]  The Government notes that the Complaint does not state any facts explaining how each Plaintiff was injured by enforcement of the Jones Act, and fails to provide any details regarding Plaintiffs' businesses, their interstate shipping activities, or how they were affected by the Jones Act.[2]  [Id. at 9-10 (citing Compl. at ¶¶ 9-15).] The Government further argues that Plaintiffs have failed to show how their alleged injuries are fairly traceable to any challenged action by the Government: Plaintiffs merely assert a generalized disagreement with the Jones Act and unsubstantiated claims of economic harm allegedly caused by it.  [Id. at 10 (citing Compl.

---

[2] Paragraphs 9-15 of the Complaint describe each of the Plaintiffs and each paragraph contains the same generalized allegation that each Plaintiff "purchased domestic ocean cargo shipping services on west coast Hawaii routes, paid fuel surcharges thereon, and suffered directly pecuniary injury and damages as a result of the Jones Act, and has suffered the damages contained herein."  [Compl. at ¶¶ 9-15.]

4

at ¶¶ 3-4, 9-15, 17, 25, 58, 61-64).]  The Government also asserts that Plaintiffs have failed to show that it is likely, and not merely speculative, that their alleged injuries would be redressed by a favorable ruling: even if the Jones Act were invalidated, it is unclear if or how the cost of shipping would decrease for any of the Plaintiffs.  [Id.]  Thus, the Government argues, Plaintiffs have failed to establish Article III standing.

        Next, the Government argues that Plaintiffs have also not satisfied the prudential standing requirements.  The Government argues that Plaintiffs assert only broad, general claims.  [Id. at 12.]  The Government argues further that no Plaintiff in the proposed class is within the "zone of interest" intended by Congress to be protected or regulated by the Jones Act.  [Id. at 12-13 (citing American Maritime Ass'n v. Blumenthal, 458 F. Supp. 849, 856 (D. D.C. 1977), aff'd, 590 F.2d 1156 (D.C. Cir. 1978), cert. denied, 441 U.S. 943 (1979) (holding that Congress intended the Jones Act to protect and regulate American ship owners, operators, shipbuilders, and seamen); Alaska Excursion Cruises, Inc. v. United States, 603 F. Supp. 541, 546 (D. D.C. 1984) (holding that the Jones Act was intended "to benefit American shipowners competing economically in the coastwise trade"); Kauai Kunana Dairy Inc. v. United States of America, Civ. No. 09-00473 DAE-LEK, 2009 WL 4668744, at *4 (D. Hawai`i Dec. 8, 2009)).]  Thus, under principles of prudential

standards, the Government argues, the Court should refrain from adjudicating Plaintiffs' "abstract questions of wide public significance, which amount to no more than generalized grievances against the Jones Act." [Id. at 13.]³

The Government further argues that the Court lacks jurisdiction over Plaintiffs' claims for monetary damages for financial and economic injuries allegedly suffered by Plaintiffs during the period "from at least September 1, 1959 to the present." [Id. at 14 (quoting Compl. at ¶¶ 1, 22, 61-61).] Specifically, the Government notes that, together, the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), provide for exclusive jurisdiction solely in the Court of Federal Claims for claims seeking more than $10,000 in damages. [Id. at 15.] The Government argues that Plaintiffs' claim for monetary damages is well in excess of the $10,000 jurisdictional amount, given the size of the plaintiff class and the duration of the class period. [Id. at 16 (citing Compl. ¶¶ 1, 22-23).]

Finally, the Government argues that the Court should dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Government notes that Plaintiffs do not

___

³ The Government also argues that Plaintiffs' claims may be dismissed as non-justiciable under the political question doctrine. [Id. at 13 n.11 (citing Baker v. Carr, 369 U.S. 186, 217 (1962); Gonzales-Vera v. Kissinger, 449 F.3d 1260, 1263 (D.C. Cir. 2006)).]

allege any violation or improper enforcement of the Jones Act
but, rather, seem to argue that the Jones Act, as applied to
interstate shipping to and from Hawai`i, is an unconstitutional
restraint of interstate commerce.  [Id. at 17-18.]  Plaintiffs do
not, however, articulate any legal theory or factual basis to
support this claim.  Further, the Government argues, to the
extent Plaintiffs argue that the Jones Act does not have a
uniform effect among the states, this argument must fail, as
there is ample precedent upholding federal statutes that are not
uniformly applied to all states.  [Id. at 18-19 (citing Currin v.
Wallace, 306 U.S. 1, 13-14 (1939)).]

     Thus, the Government urges the Court to grant the
Motion and dismiss the Complaint with prejudice.

## II.  <u>Memorandum in Opposition</u>

     In their memorandum in opposition, Plaintiffs assert
that they have pled sufficient injury: Plaintiffs have "incurred
an artificially inflated cost of living" because of the Jones
Act.  [Mem. in Opp. at 6-7.]  Specifically, Plaintiffs argue that
the impact of the Jones Act on commodity prices has cost
Dr. William Akina approximately $364,615 over 33 years.  [Id.
(citing Decl. of William Akina).]  Plaintiffs argue that
Ken Schoolland has been unable to ship his vehicle directly from
China to Hawai`i because of the Jones Act.  [Id. at 7 (citing
Decl. of Ken Schoolland).]  Plaintiffs emphasize that, at the

7

pleading stage, they need not prove such injuries; it is
sufficient that they merely allege them.  [Id. at 7-8.]  Further,
Plaintiffs argue that a favorable decision by the Court to
"repeal the Jones Act" would benefit the class by allowing
competition in the market and deflating prices.  [Id. at 8.]

Plaintiffs further argue that they have prudential
standing.  Plaintiffs argue that their injury is more than a
generalized grievance.  [Id. at 10-11.]  Plaintiffs also argue
that their claims fall within the "zone of interests" the Jones
Act was meant to protect: the Jones Act was created for the
purpose of "fostering 'national defense and proper growth of
[U.S.] foreign and domestic commerce'" and to encourage and
protect the merchant marines.  [Id. at 11.]  Citing a report
authored by PricewaterhouseCoopers, Plaintiffs argue, however,
that the merchant marine fleet is declining and that the Jones
Act should be revised to address this "shrinkage or failure of
United States commerce and shipping industries."  [Id. at 11-12.]

Plaintiffs also argue that this Court has jurisdiction
over their claims, notwithstanding the Tucker Act, because they
do not ask for monetary damages, and only seek "the repeal of the
Jones Act."  [Id. at 13.]

Thus, Plaintiffs urge the Court to deny the Motion.

**III. Reply**

In its reply, the Government emphasizes that nothing in

Plaintiffs' memorandum in opposition rebuts or cures any of the multiple grounds presented by the Government in support of the Motion.  [Reply at 2.]  The Government notes that Judge Ezra found that the plaintiffs lacked standing in a similar case challenging the Jones Act.  See Kauai Kunana, 2009 WL 4668744. The Government goes on to reiterate the arguments it makes in its memorandum in support of the Motion, and urges the Court to grant the Motion and dismiss the Complaint with prejudice.

## DISCUSSION

Whether Plaintiffs have standing to bring the instant suit in federal court is a threshold issue for this Court.  If Plaintiffs do not meet the standing requirements of Article III of the United States Constitution, then this Court has no jurisdiction to hear their claim and the Complaint must be dismissed.

Article III, section 2 of the United States Constitution provides that a federal court's judicial power extends to all cases arising under the Constitution or laws of the United States, to all cases of admiralty and maritime jurisdiction, and to controversies to which the United States is a party or to controversies between two or more states or citizens of different states.  U.S. Const. art. III, § 2.

The party invoking federal jurisdiction bears the burden of establishing standing.  Carroll v. Nakatani, 342 F.3d

9

934, 940 (9th Cir. 2003).  Plaintiffs seeking to establish

standing must demonstrate that they meet the constitutional "case

or controversy" requirements of Article III, as well as the

court-formulated "prudential" considerations.  See Warth v.

Seldin, 422 U.S. 490, 498 (1975).

First, Plaintiffs may meet the case or controversy

requirement by showing that:

> (1) [they have] suffered 'an injury in fact' that
> is (a) concrete and particularized and (b) actual
> or imminent, not conjectural or hypothetical; (2)
> the injury is fairly traceable to the challenged
> action of the defendant; and (3) it is likely, as
> opposed to merely speculative, that the injury
> will be redressed by a favorable decision.

Friends of the Earth. Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,

528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-61 (1992)); see also Skaff v.

Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir.

2007).  If a plaintiff fails to establish a case or controversy,

then the federal court lacks subject matter jurisdiction over the

action.  See Steel Co. v. Citizens for a Better Env't, 523 U.S.

83, 109-110 (1998); Cetacean Community v. Bush, 386 F.3d 1169,

1174 (9th Cir. 2004).

"The doctrine of standing . . . requires federal courts

to satisfy themselves that the plaintiff has alleged such a

personal stake in the outcome of the controversy as to warrant

his invocation of federal-court jurisdiction."  Summers v. Earth

Island Inst., 555 U.S. 488, 493 (2009) (internal quotation marks and citation omitted).  Plaintiffs must show that they suffered a "concrete and particularized" injury that is "actual or imminent" and not "conjectural" or "hypothetical."  Lujan, 504 U.S. at 560; Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 932 (9th Cir. 2008).

     The Court need not reach the issue of whether Plaintiffs have established Article III standing, however, because, even assuming they had, they have failed to meet the prudential standing requirements.  See City of Sausalito v. O'Neill, 386 F.3d 1186, 1199 (9th Cir. 2004) ("[I]t is not enough, however, for a plaintiff to satisfy the constitutional standing requirements of Article III.  A plaintiff must also satisfy the non-constitutional standing requirements of the statute under which he or she seeks to bring suit.").  Prudential standing requires that the Court consider "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim falls within the zone of interests to be protected or regulated by the constitutional guarantee or question."  Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848-49 (9th Cir. 2007).

     Here, Plaintiffs' general grievances are, as a matter of law, not sufficient to establish standing.  See Arizonans for

11

Official English v. Arizona, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do."); United States v. Hays, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal government conduct as sufficient for standing to invoke the federal judicial power.").

Plaintiffs assert only generalized claims on behalf of an extremely broad class of persons or entities that pay for interstate shipping or are consumers of goods that have been shipped in interstate commerce. [See Compl. at ¶ 22 (describing the proposed class as "[a]ll persons and entities in the United States . . . who purchased services between the continental United States and Hawaii in compliance with the Jones Act from at least September 1, 1959 to the present.").] Plaintiffs argue that they have adequately demonstrated prudential standing because the enumerated class "experiences a specific injury of economic decay that can be reversed by repealing the Jones Act." [Mem. in Opp. at 11.] The Court notes, however, that Plaintiffs themselves state that the alleged harms arising out of the enforcement of the Jones Act apply to all of the residents and businesses of the State of Hawai`i. [Compl. at ¶ 3.] Their claim is essentially that the people of the State of Hawai`i suffer irreparable harm as a result of artificial high prices and

restrictions on Hawaiian commerce. This type of broad, generalized allegation is simply insufficient to meet standing requirements. <u>See, e.g.</u>, <u>Arizonans for Official English</u>, 520 U.S. at 64.

As such, the Court FINDS that Plaintiffs lack standing and therefore GRANTS the Motion and DISMISSES the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

<u>CONCLUSION</u>

On the basis of the foregoing, the Government's Motion to Dismiss Complaint with Prejudice, filed January 28, 2013, is HEREBY GRANTED. The Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 26, 2013.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>PATRICK NOVAK, ET. AL. V. USA</u>; CIVIL NO. 12-00638 LEK-RLP; ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS