IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
PATRICK NOVAK; DANIEL ROCHA;    )   CIVIL 12-00638 LEK-RLP
LARRY KENNER, dba KENNER,       )
INC., a Hawai`i corporation;    )
KEN SCHOOLLAND; BJORN           )
ARNTZEN; PHILIP R. WILKERSON;   )
and WILLIAM AKINA, Ph.D.,       )
Individually and as             )
representatives of a class of   )
similarly situated persons,     )
                                )
            Plaintiffs,         )
                                )
     vs.                        )
                                )
UNITED STATES OF AMERICA, and   )
DOES 1-100 inclusive,           )
                                )
            Defendants.         )
_____ )
```

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs Patrick Novak, Daniel Rocha, Larry Kenner, Ken Schoolland, Bjorn Arntzen, Philip R. Wilkerson, and William Akina's (collectively, "Plaintiffs") Motion for Reconsideration ("Motion"), filed on May 23, 2013. [Dkt. no. 17.] Defendant the United States of America (the "Government") filed its memorandum in opposition to the Motion on June 5, 2013. [Dkt. no. 19.] Plaintiffs filed their reply on June 19, 2013. [Dkt. no. 20.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting

and opposing memoranda, and the relevant legal authority, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

This case involves Plaintiffs' Complaint against the Government seeking, among other things, "a declaration that the Jones Act is invalid as it applies to interstate commerce involving the State of Hawaii's commercial activities with the other United States of America, Nations, and Indian Tribes of the United States of America, and to recover costs of suit and reasonable attorneys' fees." [Dkt. no. 1 (Complaint), at ¶ 4.]

Plaintiffs seek reconsideration of this Court's April 26, 2013 Order Granting the United States of America's Motion to Dismiss, in which the Court dismissed Plaintiffs' Complaint in its entirety with prejudice ("4/26/13 Order"). Novak v. United States, Civ. No. 12-00638 LEK-RLP, 2013 WL 1817802 (D. Hawai`i Apr. 26, 2013). In the 4/26/13 Order, the Court found that Plaintiffs lacked standing to bring their challenge to the Jones Act because they failed to meet the prudential standing requirements. Specifically, the Court found that Plaintiffs alleged only generalized grievances on behalf of an extremely broad class of persons and, therefore, failed to demonstrate standing as a matter of law. Id. at *4-5.

In the instant Motion, Plaintiffs seek reconsideration

of the 4/26/13 Order on the grounds that the Court "erred in dismissing Plaintiffs' claims for lack of standing [because] Plaintiffs satisfy the threshold required of Article III and no prudential barriers bar this cause of action."  [Mem. in Supp. of Motion at 2.]

## DISCUSSION

In order to obtain reconsideration of the 4/26/13 Order, Plaintiffs' Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  The District of Hawai`i

has implemented these standards in Local Rule 60.1.[1]  "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

      Plaintiffs' Motion seeks reconsideration on the ground that the Court erred in finding that Plaintiffs failed to meet the prudential standing requirements.  Plaintiffs argue that they have alleged that their injuries are "differentiated and specific."  [Mem. in Supp. of Motion at 7-8.]

      The Court notes that Plaintiffs' Motion essentially reiterates the same standing arguments that Plaintiffs made in their opposition to the Government's motion to dismiss.  [Mem. in Opp. to Government's Motion to Dismiss Complaint With Prejudice, filed 4/1/13 (dkt. no. 10), at 6-13.]  Specifically, Plaintiffs argued in their opposition to the Government's motion to dismiss that their Complaint alleged sufficiently particularized harm in light of the allegations regarding the failure of Novak's business, Akina's alleged loss of $364,615.00 over thirty-three years, Schoolland's inability to ship his car directly from China

---

[1] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

to Hawai`i, and the other Plaintiffs' alleged losses due to the high price of cargo shipping between Hawai`i and the West Coast. [Id. at 6-8.] Plaintiffs reiterate those arguments here as the basis of the instant Motion. [Motion at 4-5.] As such, Plaintiffs' arguments in the instant Motion were before the Court when it issued the 4/26/13 Order, and Plaintiffs appear to seek reconsideration on the basis that they simply disagree with the Court's analysis in that order. Mere disagreement with the Court's analysis in the 4/26/13 Order is not, however, a sufficient basis for reconsideration. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Hawai`i 1988)); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005). Plaintiffs have failed to establish any manifest error of law or fact in the 4/26/13 Order, nor have they identified any newly discovered or previously unavailable evidence, or intervening change in controlling law. The Court therefore FINDS that Plaintiffs have not presented any ground warranting reconsideration of the 4/26/13 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration, filed on May 23, 2013, is HEREBY DENIED.

//

//

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 1, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PATRICK NOVAK, ET AL. V. UNITED STATES OF AMERICA; CIVIL NO. 12-00638 LEK-RLP; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**